# VENABLE® LLP

ROCKEFELLER CENTER
1270 AVENUE OF THE AMERICAS   TWENTY-FIFTH FLOOR
NEW YORK, NY 10020
T 212.307.5500   F 212.307.5598   www.Venable.com

Michael J. Volpe

T 212.808.5676
F 212.307.5598
mjvolpe@venable.com

November 14, 2013

**VIA ECF**

The Honorable Katherine Polk Failla
United States District Court
for the Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007-1312

> Re:   *Ashley Cooper v. The Trustees of the College of the Holy Cross, et al.*
>        Civil Action No. 13-cv-8064 (KPF)(JCF)

Dear Judge Failla:

This law firm represents Defendants the College of the Holy Cross, Bill Gibbons, Richard M. Regan, Jr., and Ann Zelesky (collectively, "Defendants") in the above-referenced matter. This matter was removed to this Court on November 13. Pursuant to Rule 4(A) of this Court's Individual Rules of Practice. Defendants respectfully submit this letter to request a pre-motion conference concerning their anticipated motion to dismiss the Complaint pursuant to Rule 12(b)(6).

This case centers on allegations that the head coach of the Holy Cross women's basketball team (defendant Bill Gibbons) physically and verbally abused players, including Plaintiff Cooper, during team practices and games. *See, e.g.,* Compl. ¶ 28. The Complaint alleges, in vague and conclusory terms, that Cooper and others suffered emotional harm as a result, including assertions that "Cooper and other players suffered a loss of self-esteem and a loss of their love of the game of basketball." *Id.* ¶ 40. The Complaint's only specific allegation of conduct directed at Plaintiff is found in Paragraph 41, which alleges that, sometime in January 2012, Defendant Gibbons "physically struck" Plaintiff, leaving a "hand-print mark on her skin." *Id.* ¶ 41. All of the other Defendants appear to have been sued for "failing to prevent Gibbons' abusive and outrageous behavior," and for "failing to see what there was to be seen." *Id.* ¶ 76.

The "Causes of Action" outlined in the Complaint are not titled and border on the unintelligible. It is genuinely impossible to discern what specific claims Plaintiff seeks to assert in several of the Complaint's purported "Causes of Action," but not a single one of them is supported by the fact-based allegations required under *Bell Atlantic Corporation. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that complaint must allege sufficient facts to show that claims are "plausible" and not merely "conceivable") and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

# VENABLE®LLP

The Honorable Katherine Polk Failla
November 14, 2013
Page 2

(holding that a complaint does not state a plausible claim to relief by making "naked assertions devoid of further factual enhancement.").

Based on the one specific allegation concerning alleged acts directed at Plaintiff (Paragraph 41), and Defendants' best guesses as to the claims the Complaint purports to set forth, several "Causes of Action" are barred by the applicable statutes of limitations. Those grounds, along with additional bases for Defendants' anticipated motion to dismiss, are summarized below.

Plaintiff's "First Cause of Action" may be a claim for assault, battery, "bullying," intentional infliction of emotional distress, retaliation, or something else. *See, e.g.*, Compl. ¶¶ 70-71. Defendants believe that it most closely resembles a claim for assault and/or battery. Such claims, however, are barred by the governing one-year statute of limitations. N.Y. C.P.L.R. § 215(3). The same is true of Plaintiff's "Third Cause of Action," which also seems to be a claim for assault and/or battery. *See id.* ¶¶ 80-85. Plaintiff first asserted her First and Third Causes of Action 21 months after the alleged incident, and therefore those claims must be dismissed—with prejudice—as untimely.

Plaintiff's Sixth Cause of Action, which appears to attempt to plead a claim for intentional infliction of emotional distress, must be dismissed—with prejudice—for the same reason. Claims for intentional infliction of emotional distress are subject to a one-year statute of limitations. *See* N.Y. C.P.L.R. § 215(3). Even were that not so, New York law imposes an "extremely high threshold" for intentional infliction of emotional distress claims, and requires that the alleged conduct be "so outrageous and extreme as to go *beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable* in a civilized community." *Druschke v. Banana Republic, Inc.*, 359 F. Supp. 2d 308, 314 (S.D.N.Y. 2005) (*citing Murphy v. Am. Home Prods. Corp.*, 58 N.Y.2d 293, 303 (1983)) (internal quotation marks omitted and emphasis added). Courts routinely dismiss claims that do not meet this extraordinary standard, and instead allege conduct similar to that alleged in the Complaint here. *See, e.g., Lee v. SONY BMG Music Entm't, Inc.*, 557 F. Supp. 2d 418, 426 (S.D.N.Y. 2008) (holding that the alleged conduct "fail[ed] to meet the extremely high threshold established under New York law for the highly disfavored claim of [intentional infliction of emotional distress]"). Another independent basis for dismissal exists where, as here, the conduct forming the basis of the claim could subject the defendant to liability under other tort-based causes of action. *See, e.g., Alhovsky v. Ryan*, 658 F. Supp. 2d 526, 538 (S.D.N.Y. 2009) (*citing Moore v. City of New York*, 219 F. Supp. 2d 335 (E.D.N.Y. 2002)). Finally, Plaintiff's claim(s) of intentional infliction should also be dismissed on the separate ground that she fails to plead facts that show she suffered emotional distress. *See, e.g., Medcalf v. Walsh*, 12 Civ. 5091 (PAE), 2013 U.S. Dist. LEXIS 51246, at *25 (S.D.N.Y. Apr. 9, 2013) (dismissing claim of intentional infliction because complaint "d[id] not make any non-conclusory allegation that [plaintiff] suffered severe emotional distress").

# VENABLE®LLP

The Honorable Katherine Polk Failla
November 14, 2013
Page 3

Plaintiff's Seventh Cause of Action may sound in negligent infliction of emotional distress. Like intentional infliction of emotional distress, this claim fails because there are no specific factual allegations of "outrageous" conduct. *Faraci v. New York State Office of Mental Health*, No. 159085/12, 2013 N.Y. Misc. LEXIS 4853, at *14 (N.Y. Sup. Ct. Oct. 17, 2013). This claim also is irreparably flawed because Plaintiff cannot specify any special duty owed by Defendants to her. *Druschke*, 359 F. Supp. 2d at 315-16.

Cooper also attempts to hold all Defendants liable under New York Executive Law section 296 (the "Eighth Cause of Action"). But the Human Rights Law does not apply to an educational institution—like Holy Cross—that does *not* hold "itself out to the public to be non-sectarian." *See N. Syracuse Cent. Sch. Dist. v. N.Y. State Div. of Human Rights*, 19 N.Y.3d 481, 489-95 (N.Y. 2012). Nor does the statute apply to alleged acts of discrimination perpetrated outside New York State by defendants residing outside New York State (all Defendants here) against a non-resident of New York State (Plaintiff here). *See Myers v. Medco Health Solutions, Inc.*, No. 09 Civ. 09216 (RKE), 2012 WL 474173, at *4 (S.D.N.Y. Oct. 4, 2012). As such, this claim must be dismissed.

The "tag-along" claims in the Complaint fare no better. Plaintiff's "Second Cause of Action," apparently for negligent supervision, must be dismissed for failure to allege a cognizable predicate tort, a required element of the claim. Likewise, the "Fourth Cause of Action," which asserts that Defendants Holy Cross, Regan and Zelesky "aided and abetted defendant Gibbons' conduct," Compl. ¶ 87, fails because Plaintiff cannot plead a viable predicate tort. Finally, Plaintiff's "Fifth Cause of Action" seems to be a claim against Holy Cross for "vicarious liability." Compl. ¶¶ 90-97. Bedrock federal and state law holds that "vicarious liability" is a theory of recovery and not an independent cause of action, so this claim also must be dismissed.

For these reasons, Defendants respectfully request that this Court schedule a pre-motion conference in this matter. We thank the Court for its consideration of the foregoing.

Respectfully submitted,

VENABLE LLP

Michael I. Volpe

cc:    All Counsel of Record (via overnight courier)