Law Office of

# Elizabeth Eilender, P.C.

225 Broadway, 24th Floor
New York, New York 10007
(212) 227-2174

Admitted to
NY, NJ & CT Bars
EEilender@lawjaros.com

November 18, 2013

*Via ECF and E-mail: Failla_NYSDCChambers@nysdcourts.gov*
The Honorable Katherine Polk Failla
United States District Court
40 Foley Square, Room 2103
New York, New York 10007

Re:   Ashley Cooper v. The Trustees of the College of Holy Cross, et al.
      Docket no. 13 CV 8064

Dear Judge Failla:

We represent the plaintiff in the above referenced matter which was originally filed in New York State Supreme Court, County of New York on October 15, 2013 and removed to this Court on alleged diversity grounds on November 13, 2013.

We are writing in accordance with Your Honor's Individual Rules of Practice §4(A) in response to the pre-motion letter by defense counsel which we received after the close of business on November 14, 2013 regarding defendants' anticipated motion to dismiss.

As a threshold matter, it is plaintiff's position that this action was improperly removed to the United States District Court and thus should be remanded back to New York State Court. Plaintiff anticipates filing a motion to remand pursuant to 28 USC §1447.

Defendants' basis for removal, 28 U.S.C. §1332 (a) diversity of citizenship and amount in controversy, is fatally flawed.

Simply put, complete diversity does not exist. The plaintiff is a New York citizen. Several of the individuals who are among The Trustees of the College of the Holy Cross, are likewise, citizens of New York.

In ¶15 of plaintiff's Complaint, the following Trustees are alleged to be citizens of the State of New York: Michael G. Barrett, Thomas H. Carey, Michael E. Daniels, William M. Doran, Jr., Susan F. Feitelberg, Anne M. Fink, Andrew J. O'Brien, Richard H. Patterson, Park B. Smith and Donna M. Winn.

In our case plaintiff sued The Trustees of the College of Holy Cross. If any of the Trustees are New York citizens, which they are, there is no complete diversity for federal court jurisdiction.[1]

Moreover, in analyzing citizenship under 28 U.S.C. §1332 (a) (1), the Court looks to the citizenship of individual trustees. The United States Supreme Court in *Navarro Sav. Ass'n. v. Lee*, 446 U.S. 468 (1980) held that it was the citizenship of the individual trustees and not the beneficiaries who are to be considered for diversity purposes.

In an analogous situation, when an LLC is named and is a party to a district court action, it is the citizenship of the individual members of the LLC (never even named in the caption or complaint) that is considered for diversity purposes and not solely the location of the LLC's headquarters or the state of registration.

Accordingly, we do not believe the Court should be burdened with a motion to dismiss and if defense counsel does not stipulate to have this action remanded, we intend to file an application to remand to the New York State Court.

However, if the Court is inclined to entertain defendants' application for a motion to dismiss, it is plaintiff's position that such a motion has no merit and is unfortunately a typical *Pavlovian* response of defendants for the purposes of delay because they do not wish to proceed with discovery.

On a motion to dismiss, the facts alleged in the Complaint must be accepted as true. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). Plaintiff's Complaint is replete with specific factual allegations and specific examples of physical and verbal abuse thus there is no legitimate basis whatsoever to dismiss this action. *Id.; See also* Complaint ¶¶28-52.

Defense counsel's comment that since the causes of action are not titled in the Complaint the Complaint is somehow unintelligible is frivolous. There is no requirement contained in the New York CPLR that causes of action must have titles or in the Federal Rules of Civil Procedure. Rule 84 of the FRCP and the forms in the Appendix have no such requirement.

Defendants' main thrust of their argument to dismiss plaintiff's First, Third, Sixth and Seventh Causes of Action appears to lie with a frivolous statute of limitations argument. As the Complaint sets forth in ¶¶25 and 28, plaintiff is claiming defendants' conduct and omissions span a period of nearly two years from the Fall of 2011 until the Spring of 2013. During that time defendant Gibbons physically struck plaintiff on several occasions, violently and with anger physically shook plaintiff, yanked her by the shirt collar, squeezed the back of plaintiff's neck as well as barraged her with verbal and emotional abuse while at the same time the remaining defendants did absolutely nothing. (*See,* Complaint ¶¶28-52).

The factual allegations set forth in the complaint took place for the entire duration plaintiff was a student-athlete at Holy Cross which is made clear in the Complaint. *Id.* If, after discovery, certain physical contacts, such as when Gibbons struck plaintiff on her back in January 2012 (Complaint

---

[1] The statement by defendants in their Notice of Removal, ""The Trustees of the College of the Holy Cross" is the formal name of the corporate entity doing business as the College of the Holy Cross, a private college located in Worcester Massachusetts" is legally incomprehensible and does not change the fact that the Trustees have been named as and are the proper defendants in this action.

¶41) are determined to be beyond the statute of limitations, the Court can then deal with this issue. It would still be admissible as to notice.

Nevertheless, the nature and extent of discovery for all plaintiff's causes of action will be the same. Plaintiff clearly sets forth in her Complaint that the outrageous conduct occurred and persisted up to and including the end of the season of this year, 2013. (*See*, Complaint ¶¶28-52).

With respect to defendants' arguments regarding plaintiff's claims for intentional infliction of emotional distress, the second circuit found in *Bender v. City of New York*, 78 Fed 787 (2d Cir. 1996) that a plaintiff who had allegedly been subjected to physical abuse and aggressive language made out a claim for intentional infliction of emotion distress. See also, *Bower v. Weisman*, 639 F. Supp. 532, 541 (S.D.N.Y. 1986).

The allegations in plaintiff's complaint herein fall squarely within the parameters set forth in *Bender* and *Bower* and thus should survive at the very least a motion to dismiss. *Bender v. City of New York*, 78 Fed 787 (2d Cir. 1996); See also, *Bower v. Weisman*, 639 F. Supp. 532, 541 (S.D.N.Y. 1986). After discovery if the allegations are unsupported, defendants can move for summary judgment.

With respect to defendants' issues with plaintiff's Second and Fourth Causes of action, these too have no basis and are piggy-backed on defendants' self-serving arguments as to the First, Third, Sixth and Seventh causes of action. Contrary to defense counsel's position, the allegations in the Complaint are specific and not simply bald wild conclusory allegations as those contained in several of the cases cited by defendants.

With respect to the Eighth Cause of Action, the New York Executive Law §296(4) provides, "it shall be unlawful discriminatory practice for an education corporation or association which holds itself out to the public to be non-sectarian and exempt from taxation pursuant to the provisions of article four of the real property tax law to deny the use of its facilities to any person otherwise qualified, or <u>to permit the harassment of any student or applicant</u>." New York Executive Law §296(4) [emphasis added].

It is far too premature to dismiss plaintiff's claims under the New York Executive Law §296(4). Plaintiff is entitled to discovery to determine whether or not Holy Cross holds itself out to be non-sectarian. Moreover, plaintiff claims that some of defendants' tortious conduct occurred in New York since as a member of the Patriot League several games each season were played in New York where some of the abuse and omissions occurred. *See*, Complaint ¶¶21-22

For the reasons set forth herein, plaintiff respectfully requests that a conference be held to address the improvident removal of this action to the United States District Court which would obviate the need to burden the Court with a voluminous, premature and baseless motion to dismiss.

Respectfully submitted,

*[signature]*

Elizabeth Eilender

cc: ***Via By Hand delivery and ECF,*** Venable LLP, Att: Michael J. Volpe, Esq.