UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ASHLEY COOPER,

                        Plaintiff,                      13-CV-8064(KPF)(JCF)

            -against-

THE TRUSTEES OF THE COLLEGE OF THE HOLY
CROSS d/b/a COLLEGE OF THE HOLY CROSS,
COLLEGE OF THE HOLY CROSS, BILL GIBBONS,
RICHARD REGAN, JR. and ANN ZELESKY,

                        Defendants.
---------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF
# PLAINTIFF'S MOTION TO REMAND PURSUANT TO 28 USC § 1447(c)

Elizabeth Eilender, Esq.
Harris Marks, Esq. *Of Counsel*
Law Office of Elizabeth Eilender P.C.
225 Broadway, 24th Floor
New York, NY 10007
(212) 227-2174

*Attorneys for Plaintiff*
Ashley Cooper

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS ........................................................................................................ 2

STANDARD OF REVIEW ....................................................................................................... 3

ARGUMENT

POINT I

    THE TRUSTEES OF THE COLLEGE OF THE HOLY CROSS IS A CITIZEN OF EVERY JURISDICTION OF WHICH EACH INDIVIDUAL TRUSTEE IS A CITIZEN .......................................................................................................... 5

POINT II

    THE COURT SHOULD AWARD COSTS AND ATTORNEYS' FEES PURSUANT TO 28 U.S.C. § 1447(c) ................................................................ 7

CONCLUSION .......................................................................................................................... 8

# TABLE OF AUTHORITIES

Cases

*Bayerische Landesbank, N.Y. Branch v. Alladin Capital Mgmt LLC*, 692 F.3d 42, 49 (2d Cir. 2012) ..................................................................................................................6

*Brown v. Eli Lilly & Co.*, 654 F.3d 347 (2d Cir. 2011) ..........................................................4

*Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990) ...................................................................5

*Handelsman v. Bedford Village Assocs., L.P*, 213 F.3d 48 (2d Cir. 2000) ...........................6

*LaFarge Coppee v. Venezolana De Cementos, S.A.C.A.*, 31 F.3d 70 (2d Cir. 1994) ...........3

*Leslie v. BancTec Serv. Corp.*, 928 F. Supp. 341 (S.D.N.Y. 1996) .......................................4

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S. Ct. 704 (2005) ...............................7

*Mills 2011 LLC v. Synvous Bank*, 921 F. Supp. 2d 219 (S.D.N.Y. 2013) ............................5

*Prescia v. United States Life Ins. Co.*, 2010 U.S. Dist. LEXIS 116132, 6-7 (S.D.N.Y. Oct. 28, 2010) ....................................................................................................................7

*Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S. Ct. 868 (1941) ...........................4

*Syms, Inc. v. IBI Sec. Service, Inc.*, 586 F. Supp. 53 (S.D.N.Y. 1984) .................................7

*Thales Alenia Space Fr. v. Thermo Funding Co., LLC*, 2013 U.S. Dist. LEXIS 161163, 27 (S.D.N.Y. Nov. 12, 2013) ..........................................................................................5

*Tisdale v. A.G. Edwards & Sons (In Re Matter of NASDAW Marker Makers Antitrust Litig.)*, 929 F. Supp. 174 (S.D.N.Y. 1996) ....................................................................4

*Zerafa v. Montefiore Hosp. Hous. Co.*, 403 F. Supp. 2d 320 (S.D.N.Y 2005) ................. 3-4

Statutes and Rules

28 U.S.C. § 1332(a) ........................................................................................................ 1, 3, 5

28 U.S.C. § 1441(a) ................................................................................................................3

28 U.S.C. § 1446 .....................................................................................................................3

28 U.S.C. § 1447(c) ............................................................................................................ 1-8

*Individual Rules of Practice in Civil Cases*, Hon. Katherine Polk Failla, Rule 6(d) U.S.D.J. (Revised Nov. 1, 2013) ....................................................................................5

The Plaintiff Ashley Cooper ("Plaintiff" or "Cooper") respectfully submits this memorandum of law in support of her motion, pursuant to 28 U.S.C. § 1447(c) to remand this action back to New York State Supreme Court, New York County ("State Court") where it was commenced.

## PRELIMINARY STATEMENT

This action was commenced in New York State Court, New York County, by the filing of a Summons and Complaint on October 15, 2013 (Exhibit A[1], Summons & Complaint). Counsel for defendants The Trustees of the College of the Holy Cross ("The Trustees"), College of the Holy Cross ("Holy Cross"), Bill Gibbons ("Gibbons"), Richard Regan, Jr. ("Regan") and Ann Zelesky ("Zelesky") accepted service on behalf of all defendants on or about October 24, 2013 (Exhibit B).

Alleging complete diversity of citizenship, and no other basis for jurisdiction, the defendants removed this action on November 13, 2013 (Exhibit C, Notice of Removal). Removal was improper since several individual trustees of the defendant The Trustees are New York citizens, thus there was no diversity under 28 U.S.C. § 1332 (a). On November 27, 2013, plaintiff's counsel requested that defendants stipulate to remand (Exhibit D, Eilender letter dated November 27, 2013). Defendants refused, and placed their refusal in writing (Exhibit E, Volpe letter dated Dec. 4, 2013) and repeated their refusal in Court before Judge Failla on December 17, 2013, eliminating any question that their refusal is calculated and willful.

Contrary to defendants' assertion in their Notice of Removal, the Court lacks subject matter jurisdiction over this controversy. *See* 28 U.S.C. § 1332 (a). At the time the action was commenced, the plaintiff resided in New York County and was a New York citizen. Inasmuch as several of the

---

[1] The Exhibits referenced in this Memorandum of Law are annexed to the Declaration of Elizabeth Eilender dated January 16, 2014.

defendant's trustees are also citizens of New York (Exhibit F, Print-out from Holy Cross website with directory of Board of Trustees, http://offices.holycross.edu/about/officers), there is no diversity.

Defendants' statement in their Notice of Removal that The Trustees of the College of the Holy Cross "is the formal name of the corporate entity doing business as the College of the Holy Cross, a private college located in Worcester Massachusetts" is legally meaningless, incomprehensible and altogether irrelevant, as it does not change the fact that The Trustees has been sued in this action and is a proper defendant.

Accordingly, plaintiff respectfully requests that the Court remand this action back to the New York State Court pursuant to 28 U.S.C. § 1447(c).

## STATEMENT OF FACTS

In this action plaintiff alleges that as a student-athlete attending the College of the Holy Cross on a basketball scholarship, she sustained injuries due to the physical, mental, and emotional abuse inflicted by the Holy Cross women's basketball head coach, defendant Gibbons. The Complaint further describes the inaction of the Holy Cross administration, including The Trustees, Regan and Zelesky, who did nothing despite being on actual notice of Gibbons' outrageous behavior—which at best exemplifies a complete failure of institutional control of the women's basketball program and at worst reveals an institutional cover-up which plaintiff claims subject the defendants to punitive damages (Exhibit A, Complaint, ¶¶ 32-33, 39, 45-53, 55, 68, 76-79, 87-89, 91-97, 113-119).

As a result of the abuse, and the utter failure by the defendants to take any meaningful steps to cease Gibbons' behavior and the institutional culture of denial at Holy Cross, Cooper had no choice but to leave Holy Cross after only two years, relinquishing her scholarship; incurring tuition costs at New York University; suffering significant emotional distress in having to transfer; in being

forced to leave her friends and life at Holy Cross to escape defendant Gibbons' abuse; suffering a loss of self-esteem and life-long love of basketball as well as being unable to continue to mentor and coach the young players she met in the Holy Cross sponsored summer basketball camps (Exhibit A, Complaint ¶72).

## STANDARD OF REVIEW

Subject matter jurisdiction in this Court is legislated by federal statute, which must be strictly construed. Title 28 USC § 1332 (a) provides, in pertinent part:

> § 1332(a)   The district courts shall have original jurisdiction of all civil actions where the <u>matter in controversy</u> exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (1) citizens of different States; . . . .

28 USC § 1332(a) (Emphasis added).

Where an action is commenced in State Court, 28 USC § 1441(a) provides:

> § 1441(a)   Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have <u>original jurisdiction</u>, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 USC § 1441(a) (Emphasis added).

"While 28 USCS §§ 1441 and 1446 permit removal to federal court in certain circumstances, 28 USCS § 1447(c) allows for remand on the basis of any defect in the removal procedure or <u>for lack of subject matter jurisdiction.</u>" *Zerafa v. Montefiore Hosp. Hous. Co.*, 403 F. Supp. 2d 320, 327 (S.D.N.Y 2005) (citing *LaFarge Coppee v. Venezolana De Cementos, S.A.C.A.*, 31 F.3d 70, 72 [2d Cir. 1994]) (Emphasis added).

To remove a case to federal court based on diversity jurisdiction, the defendants must aver that all of the requirements of diversity jurisdiction are met, including complete diversity of citizenship. *See Brown v. Eli Lilly & Co.*, 654 F.3d 347 (2d Cir. 2011). A plaintiff who believes a case has been improperly removed may seek remand under the provisions of 28 U.S.C. § 1447(c), which provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded or this Court *sua sponte* may remand. *Id.* at 356.

"Removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Leslie v. BancTec Serv. Corp.*, 928 F. Supp. 341, 347 (S.D.N.Y. 1996); *see also Zerafa*, 403 F. Supp. at 327. "Removal jurisdiction must be strictly construed both because the federal courts are courts of limited jurisdiction, and because removal of a case implicates significant federalism concerns." *Tisdale v. A.G. Edwards & Sons (In Re Matter of NASDAW Marker Makers Antitrust Litig.)*, 929 F. Supp. 174, 178 (S.D.N.Y. 1996) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109, 61 S. Ct. 868 [1941]) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined").

## ARGUMENT

### POINT I

### THE TRUSTEES OF THE COLLEGE OF THE HOLY CROSS IS A CITIZEN OF EVERY JURISDICTION OF WHICH EACH INDIVIDUAL TRUSTEE IS A CITIZEN

For purposes of diversity jurisdiction, it is well settled that the citizenship of a trust under 28 U.S.C. § 1332(a)(1) is controlled by the citizenship of its individual trustees. *See Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990); *see also Thales Alenia Space Fr. v. Thermo Funding Co., LLC*, 2013 U.S. Dist. LEXIS 161163, 27 (S.D.N.Y. Nov. 12, 2013); *Mills 2011 LLC v. Synvous Bank*, 921 F. Supp. 2d 219, 221 (S.D.N.Y. 2013).

The Court is obviously aware of the law regarding diversity involving such corporate parties that are trusts or Limited Liability Companies ("LLCs"). Indeed, Rule 6(d) of the Court's Individual Rules of Practice in Civil Cases, requires that the party asserting diversity must send the Court a letter explaining its basis. Significantly, the Court's rules specifically require that where any party is an LLC or trust, the letter must state the citizenship of each of the entity's <u>members</u>, shareholders, partners, and/or <u>trustees</u>. The Court's rule provides:

> **6(d). Diversity Jurisdiction Cases.** In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to 28 U.S.C. § 1332, the party asserting the existence of such jurisdiction shall, prior to the Initial Pretrial Conference, e-mail to the Court a letter no longer than three pages explaining the basis for that party's belief that diversity of citizenship exists. In cases where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. <u>**In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees.**</u>

*Individual Rules of Practice in Civil Cases*, Hon. Katherine Polk Failla, U.S.D.J. (Revised Nov. 1, 2013).

The defendants have not yet submitted their Rule 6(d) letter to this Court who, upon its own motion, may also remand this action. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 189. (1990).

In the Complaint ¶ 15, plaintiff, who is undisputedly a New York citizen, in order to stem any challenge to New York State's jurisdiction, listed the identifiable New York trustees: Michael G. Barrett, Thomas H. Carey, Michael E. Daniels, William M. Doran, Jr., Susan F. Feitelberg, Anne M. Fink, Andrew J. O'Brien, Richard H. Patterson, Park B. Smith and Donna M. Winn (Exhibit A, see also Exhibit F). As at least one, and indeed many more than one, of the trustees of the defendant The Trustees are New York citizens, there is no complete diversity, and remand is therefore required. *See* 28 U.S.C. § 1447(c).

In an analogous situation, when an LLC is a party to an action, its citizenship is governed not only by the location of the LLC's headquarters and the State of the LLC's registration, but also by the State of its <u>individual members</u>, even though the individual members need not be named as defendants. *Bayerische Landesbank, N.Y. Branch v. Alladin Capital Mgmt LLC*, 692 F.3d 42, 49 (2d Cir. 2012); *see also Handelsman v. Bedford Village Assocs., L.P*, 213 F.3d 48, 51-52 (2d Cir. 2000).

Here, plaintiff named College of the Holy Cross as a defendant. Plaintiff also named "The Trustees of the College of the Holy Cross," plainly intending to sue all members of the board of trustees as a group. Indeed, the "Trustees" is an entity comprised of at least thirty-seven individual trustees, not unlike how an LLC is comprised of its individual members. Rather than naming each of the numerous trustees as defendants, plaintiff named the Trustees as a whole, which was done not only for the sake of convenience but also to protect the privacy of the individual trustees. If defendants insist, however, with the Court's permission and pursuant to the applicable Court rules, plaintiff will amend the Complaint to name all the trustees individually.

## POINT II

### THE COURT SHOULD AWARD COSTS AND ATTORNEYS' FEES PURSUANT TO 28 U.S.C. § 1447(c)

Inasmuch as plaintiff believes that the defendants knowingly removed this action improperly and defendants willfully refused to stipulate to a remand, pursuant to 28 U.S.C §1447(c), plaintiff respectfully requests that the Court set this matter down for a hearing on costs and attorneys' fees related to plaintiff's having to file the within motion.

> "In remanding a case to state court, the federal courts are authorized to award costs against the removing party pursuant to 28 U.S.C. § 1447(c), and may properly do so where removal is effected in bad faith or is predicated upon a diversity of citizenship that clearly does not exist." *Syms, Inc. v. IBI Sec. Service, Inc.*, 586 F. Supp. 53, 56-57 (S.D.N.Y. 1984). "The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005);

*Prescia v. United States Life Ins. Co.*, 2010 U.S. Dist. LEXIS 116132, 6-7 (S.D.N.Y. Oct. 28, 2010).

Since it is abundantly clear from the plaintiff's complaint, and, moreover, the defendants know who their trustees are and their citizenship, the defendants must have known that there is no subject matter jurisdiction in this Court. Accordingly, plaintiff respectfully submits that costs and attorneys' fees should be awarded.

## CONCLUSION

Accordingly, for the reasons set forth herein, plaintiff respectfully requests an order:

(a) Pursuant to 28 U.S.C. 1447(c) REMANDING this matter back to State Court on the ground that this Court lacks subject matter jurisdiction because there is no diversity of citizenship between the parties;

(b) DIRECTING defendants and their counsel to pay costs and expenses, including attorneys' fees incurred as a result of the improper removal and defense counsel's refusal to stipulate to remand this matter, thus requiring this motion to be made;

(c) SETTING THIS MATTER DOWN for a hearing on, and awarding, costs and reasonable attorneys' fees incurred pursuant to 28 U.S.C. 1447(c) because of the defendants conduct in improvidently removing a case from the State Court without any basis and then refusing to remand back to State Court thus prolonging proceedings and causing unnecessary delay; and

(d) AWARDING plaintiff such other and further relief as to this Court may seem just and proper.

Dated: January 16, 2014

Elizabeth Eilender, Esq.
Harris L. Marks, Esq., *Of Counsel*
Law Office of Elizabeth Eilender P.C.
225 Broadway, 24th Floor
New York, NY 10007
(212) 227-2174

*Attorneys for Plaintiff*
Ashley Cooper