# EXHIBIT E

# VENABLE® LLP

ROCKEFELLER CENTER
1270 AVENUE OF THE AMERICAS   TWENTY-FIFTH FLOOR
NEW YORK, NY 10020
T 212.307.5500   F 212.307.5598   www.Venable.com

Michael J. Volpe

T 212.808.5676
F 212.307.5598
mjvolpe@venable.com

December 4, 2013

## VIA EMAIL AND OVERNIGHT COURIER

Elizabeth Eilender
Law Office of Elizabeth Eilender, P.C.
225 Broadway, 24th Floor
New York, New York 10007

> Re:   *Ashley Cooper v. The Trustees of the College of the Holy Cross, et al.*
>        Civil Action No. 13-cv-8064 (KPF)(JCF)

Dear Ms. Eilender:

We are in receipt of the letter you sent the afternoon before Thanksgiving, which requests that Defendants "stipulate to remand back to New York State Court." For the reasons set forth in Defendants' removal papers and for the reasons below, there is complete diversity among the parties to this action and Defendants properly removed the case to the United States District Court for the Southern District of New York. Defendants do not consent to your request.

Federal jurisdiction is well-founded because complete diversity exists among the parties. All Defendants are citizens of Massachusetts, and Plaintiff alleges that she is a New York citizen. *See* Compl. ¶ 14. As set forth in Defendants' Notice of Removal, Defendant "The Trustees of the College of the Holy Cross" is the formal name of the College of the Holy Cross, a corporate entity organized under the law of Massachusetts. *See* Notice of Removal at 1 n.1 (ECF No. 1). The Complaint's occasional reference to certain members of Holy Cross's Board of Trustees does not change this reality, and the citizenship of those few individuals has no bearing on federal subject-matter jurisdiction here.

On the contrary, federal courts recognize that, because educational institutions like Holy Cross are corporate entities, citizenship is determined by the school's state of incorporation and/or principal place of business. *See, e.g., Trustees of Boston Univ. v. Ligand Pharm., Inc.*, Civ.A.02-1312-SLR, 2003 WL 22501588, at *1 (D. Del. Nov. 3, 2003) *aff'd,* 162 F. App'x 194 (3d Cir. 2006) (noting that "Plaintiff Trustees of Boston University is a Massachusetts not for profit corporation with its principal place of business in Boston, Massachusetts."); *Clayton v. Trustees of Princeton Univ.*, 608 F. Supp. 413, 416 (D.N.J. 1985) ("The Defendant, The Trustees of Princeton University, is an educational corporation in the State of New Jersey."); *In re President & Fellows of Harvard Coll.*, 149 F.2d 69 (1st Cir. 1945) (noting that, for diversity purposes, "the President and Fellows of Harvard College [is] a corporation incorporated under the laws of the Commonwealth of Massachusetts").

# VENABLE®LLP

Elizabeth Eilender
December 4, 2013
Page 2

The case cited in your letter, *Thales Alenia Space France v. Thermo Funding Co., LLC,* concerns the citizenship of a "traditional" trust, and has no application here.  Indeed, the *Thermo Funding* court itself noted that "a corporation takes the citizenship of both the state in which it is incorporated and the state where it has its principal place of business . . . ."  13 Civ. 712 (SAS), 2013 WL 5996148, at *1 (S.D.N.Y. Nov. 12, 2013).

Defendants will vigorously oppose any motion to remand this matter.

Very truly yours,

Michael J. Volpe