UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

ASHLEY COOPER,

                      Plaintiff,

    -against-

THE TRUSTEES OF THE COLLEGE OF THE HOLY
CROSS d/b/a COLLEGE OF THE HOLY CROSS,
COLLEGE OF THE HOLY CROSS, BILL GIBBONS,
RICHARD REGAN, JR. and ANN ZELESKY,

                    Defendants.
------------------------------------------------------------------- x

13-CV-8064 (KPF)(JCF)


# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447(c)


Elizabeth Eilender, Esq.
Law Office of Elizabeth Eilender P.C.
225 Broadway, 24th Floor
New York, New York 10007
(212) 227-2174

*Attorneys for Plaintiff*
Ashley Cooper

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT

POINT I

THE TRUSTEES NEED NOT BE NAMED INDIVIDUALLY IN ORDER FOR THE TRUSTEES' CITIZENSHIP TO AFFECT THE ISSUE OF DIVERSITY ................................................................................................. 5

POINT II

THE ISSUE BEFORE THIS COURT IS SIMPLE: DOES THE CITIZENSHIP OF THE INDIVIDUAL TRUSTEES MATTER FOR PURPOSES OF DIVERSITY OF CITIZENSHIP .............................................................. 6

POINT III

DEFENDANTS' REQUEST FOR ATTORNEYS' FEES IS UNWARRANTED ............................................................................................................... 7

CONCLUSION ......................................................................................................................... 8

# TABLE OF AUTHORITIES

**CASES:**

*Bayerische Landesbank, N.Y. Branch v. Alladin Capital Mgmt LLC*, 692 F.3d 42 (2d Cir. 2012) .................................................................................................................................. 5

*Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990) ........................................................................ 6

*Clayton v. Trustees of Princeton Univ.*, 608 F. Supp. 413 (D.N.J. 1985) ................................... 1

*Handelsman v. Bedford Village Assocs., L.P*, 213 F.3d 48 (2d Cir. 2000) ................................. 5

*Mills 2001 LLC v. Synovus Bank*, 921 F. Supp. 2d 219 (S.D.N.Y. 2013) ................................ 3,6

*Navarro Sav. Ass'n v. Lee*, 446 U.S. 458 (1980) ......................................................................... 6

*Robb Evans & Assocs, LLC v. Sun Am. Life Ins.*, No. 10 Civ. 5999 (GBD) 2012 WL 488257 .................................................................................................................................. 1

*Thales Alenia Space France v. Thermo Funding Co., LLC*, No. 13 Civ. 712 (SAS), 2013 WL 5996148 ............................................................................................................... 3,6

*Thomas v. Board of Trustees*, 195 U.S. 207 (1904) ..................................................................... 6

*Tomlinson v. Trustees of the Univ. of Pa*, 266 F.2d 569, 570 (3d Cir. 1959) ............................. 1

*Trustees of Boston Univ. v. Ligand Pharm., Inc.*, No. Civ.A.02-1312 (SLR), 2003 WL 22501588 ............................................................................................................................. 1

*Revell v. Lidov*, No. 3:00-CV-1268-R, 2001 WL 285253 ........................................................... 1

*Trustees of Dartmouth College v. Woodward*, 17 U.S. 518, 1819 U.S. Lexis 330 (1819) ....... 2-3

*Weishaupt v. Boston Coll. and Trustees of Boston Coll.*, No. 1:11-civ-1122, 2012 WL 1439030 ............................................................................................................................... 1

**STATUTES AND RULES**

28 U.S.C. § 1447(c) ..................................................................................................................... 1

28 U.S.C. §1447(d) ...................................................................................................................... 1

*Individual Rules of Practice in Civil Cases*, Hon. Katherine Polk Failla, U.S.D.J. (Revised Nov. 1, 2013) ..................................................................................................... 4-5

MA ST 156 § 21 ........................................................................................................................... 4

MA ST 156 § 22 ........................................................................................................................... 4

MA ST 156 § 25 ........................................................................................................................... 4

MA ST 156 § 26 ........................................................................................................................... 4

Plaintiff Ashley Cooper submits this memorandum of law in reply to defendants' opposition, and in further support of plaintiff's motion pursuant to 28 U.S.C. § 1447(c) to remand this action back to its court of origin, the New York State Supreme Court, New York County ("State Court")

## PRELIMINARY STATEMENT

The plaintiff and defendants appear to be litigating different issues.

There is no question that Holy Cross is known as the Trustees of the College of the Holy Cross. The question is: where a trustee is involved – even a corporate trustee – does the citizenship of the trustee matter for purposes of diversity? Defense counsel ignore this issue, with a claim that this case deals with corporate trustees and not with a "traditional trust" (pp. 9-10 of defendants' memo of law).

There is no need for each of the trustees to be named individually for there to be a lack of diversity if the citizenship of the individual trustee counts. The slew of cases cited by defense counsel at page 8 of their memorandum – *Robb Evans & Assocs, LLC v. Sun Am. Life Ins.*, No. 10 Civ. 5999 (GBD), 2012 WL 488257; *Weishaupt v. Boston Coll. and Trustees of Boston Coll.*, No. 1:11-civ-1122, 2012 WL 1439030; *Trustees of Boston Univ. v. Ligand Pharm., Inc.*, No. Civ.A.02-1312 (SLR), 2003 WL 22501588; *Revell v. Lidov*, No. 3:00-CV-1268-R, 2001 WL 285253; *Clayton v. Trustees of Princeton Univ.*, 608 F. Supp. 413, 416 (D.N.J. 1985); and *Tomlinson v. Trustees of the Univ. of Pa*, 266 F.2d 569, 570 (3d Cir. 1959) – have nothing to do with the issue here.  Pursuant to 28 USC §1447(d), an order remanding a case is not reviewable on appeal. The issue at hand – whether the citizenship of each trustee matters

for the purposes of diversity jurisdiction – was never raised in any of the cases upon which defendants rely.

The ancient and classic Supreme Court case cited by defense counsel, *Trustees of Dartmouth College v. Woodward*, 17 U.S. 518, 1819 U.S. Lexis 330 (1819), appears to support plaintiff's position. In providing the introduction to its opinion, the Court made clear that the individual trustees were parties to the arrangement:

> The donors, the trustees, and the crown were the original parties to the contract, which was one made on valuable consideration.

1819 U.S. Lexis 330.

The syllabus of the *Dartmouth College* case explains:

> The substance of the facts recited in the preamble to the charter is, that Dr. Wheelock had founded a CHARITY, on funds owned and procured by himself; that he was, at that time, the sole dispenser and sole administrator, as well as the legal owner of these funds; that he had made his will, devising this property in trust to continue the existence and uses of the school, <u>and appointed trustees; that, in this state of things, he had been invited to fix his school permanently in New-Hampshire</u> and to extent the design of it to the education of the youth of that province; that, before he removed his school, or accepted this invitation, which his friends in England had advised him to accept, <u>he applied for a charter, to be granted, not to whomsoever the king or government of the province should please, but to such persons as he named and appointed, viz. the persons whom he had already appointed to be the future trustees of his charity by his will</u>.

*Id.* at 45-46 (Emphasis added).

It goes on to state:

> The twelve trustees were the sole legal owners of all the property acquired under the charter.

*Id.* at 50.

It further stated:

> By the charter, <u>the trustees</u> had a right to fill vacancies in their own number. This is now taken away. They were to consist of twelve, and by express provision, of no more. This is altered. <u>They and their successors, appointed by themselves, where forever to hold the property</u>. The legislature has found successors for them, before their seats are vacant. <u>The powers and privileges, which the twelve were to exercise exclusively, are now to be exercised by others.</u>

*Id.* at 51 (Emphasis added).

The Supreme Court decision notes:

> The franchises granted by the charter were vested in the trustees in their corporate character. The lands and other property, subsequently acquired, were held by them in the same manner.

*Dartmouth College*, 17 U.S. at 702, 1819 U.S. Lexis 330 at 244.

Rather than support the defendants' position, *Dartmouth College*, indicates that the trustees, individually, are significant and should be considered individually for purposes of diversity jurisdiction.

Defendants attempt to distinguish the cases relied on by plaintiff – *Mills 2001 LLC v. Synovus Bank*, 921 F. Supp. 2d 219 (S.D.N.Y. 2013); and *Thales Alenia Space France v. Thermo Funding Co., LLC*, No. 13 Civ. 712 (SAS), 2013 WL 5996148 – by self-servingly pigeon-holing them (without citing any authority at all) as applying only to a newly-invented species of trust called a "traditional trust" that is purportedly different from any other kind of trust.

Defendants claim that the law regarding "traditional trusts" does not apply to the Trustees of the College of the Holy Cross simply because the Trustees of the College of the Holy Cross is purportedly some type of corporation under Massachusetts law.

Under Massachusetts law, typically it is the province of the Board of Directors or shareholders – *see* MA ST 156 §§ 21, 22, 25, 26 – who possess all the authority to hire the president, vice-president, secretary, et cetera. According to the Act of the Massachusetts legislature from the 19th century which defendants cite to (Mr. O'Rourke's Declaration dated February 11, 2014, Exhibit A), it is the individual trustees and no one else who have all the power and authority. (O'Rourke Decl., Exhibit A).

Obviously, The Trustees of the College of the Holy Cross is clearly not operating with the same formalities as a typical Massachusetts corporation.

Rule 6(d) of this Court's Rules specifically states:

> *In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees.*

*Individual Rules of Practice in Civil Cases*, Hon. Katherine Polk Failla, U.S.D.J. (Revised Nov. 1, 2013).

There is no distinction made where the trustee is of a "traditional trust" or a trustee of a corporate entity.

Defendants ignore plaintiff's arguments by intimating that this Rule only applies to "traditional" trusts and somehow does not apply to trustees of a corporation, without citing any authority at all for this fine distinction.

If a trustee's citizenship counts, as plaintiff contends, then diversity of citizenship is lacking between the plaintiff and the defendants and this case must be remanded for lack of jurisdiction.

## ARGUMENT

### POINT I

### THE TRUSTEES NEED NOT BE NAMED INDIVIDUALLY IN ORDER FOR CITIZENSHIP OF EACH INDIVIDUAL TRUSTEE TO DESTROY DIVERSITY

Defendants ignore the issue that there is no need for the trustees to be individually named in order for their citizenship to count. Their position is contrary to the obvious rationale behind this Court's Rule 6(d), which requires corporate parties to list the citizenships of their trustees.

When an LLC is a party to an action, its citizenship is governed not only by the location of the LLC's headquarters and the State of the LLC's registration, but also by the citizenship of its <u>individual members</u>, even though the individual members are not and need not be named as individual defendants. *Bayerische Landesbank, N.Y. Branch v. Alladin Capital Mgmt LLC*, 692 F.3d 42, 49 (2d Cir. 2012); *see also Handelsman v. Bedford Village Assocs., L.P*, 213 F.3d 48, 51-52 (2d Cir. 2000).

Inasmuch as Plaintiff alleged in her complaint that several of the individual trustees of the College of the Holy Cross were citizens of New York, defendants were obviously aware of this before they removed the action to federal court. Moreover, even if plaintiff had not alleged the citizenships of the trustees, defendants would still be required to identify their citizenships in accordance with Rule 6(d) — and should never have attempted to remove the action in the first place.

POINT II

## THE ISSUE BEFORE THIS COURT IS SIMPLE: DOES THE CITIZENSHIP OF THE INDIVIDUAL TRUSTEES MATTER FOR PURPOSES OF DIVERSITY OF CITIZENSHIP?

The issue now before this Court is simple: Does the citizenship of the individual trustees in this case count for purposes of diversity of citizenship? Defendants' attempt to ignore this issue by simply stating that this is not a "traditional" trust because the trustees of the College of the Holy Cross are trustees of a corporation evades the issue. *Dartmouth College* appears to indicate that the citizenship of the trustees absolutely matters as it does with any other trust case.

Accordingly, since many of the trustees of the defendant are citizens of New York, there is no diversity of citizenship here and this case should be remanded.

In *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458 (1980), the Supreme Court stated that with respect to a Massachusetts business trust, the citizenship of the individual trustees counted for diversity of citizenship. The Court pointed out that a business trust in many ways resembles a corporation. *See also Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990); *Thales Alenia Space Fr. v. Thermo Funding Co., LLC*, 2013 U.S. Dist. LEXIS 161163, 27 (S.D.N.Y. Nov. 12, 2013); *Mills 2011 LLC v. Synvous Bank*, 921 F. Supp. 2d 219, 221 (S.D.N.Y. 2013).

In a case involving the trustees of Ohio State University[1], the Supreme Court found that the trustees' citizenship counted for purposes of diversity. *See Thomas v. Board of Trustees*, 195 U.S. 207 (1904).

---

[1] Ohio State University was not a corporation.

In our case, it appears that the Trustees of the College of the Holy Cross is incorporated in the State of Massachusetts but is not operating as a traditional corporation. Where customarily the board of directors and officers control a corporation, in our case the trustees control it. As stated in Exhibit A to Mr. O'Rourke's Declaration dated February 11, 2014, in pertinent part:

> James Clear, Charles Fulmer, James C. Moore, Charles F. Kelly, Livy Vigilante, their associates and successors, are hereby constituted a body corporate by the name of the Trustees of the College of the Holy Cross, in the city of Worcester, and they and their successors and such as shall be duly elected members of such corporation shall be and remain a body corporate by that name forever; and for the orderly conducting of the business of said corporation the said trustees shall have power and authority, from time to time as occasion may require, to elect a president, vice-president, secretary, treasurer, and such other officers of said corporation as may be found necessary, and to declare the duties and tenures of their respective offices, and also to remove any trustee from the corporation when in their judgment he shall be rendered incapable by age or otherwise of discharging the duties of his office, or shall neglect or refuse to perform the same, and also from time to time to elect new members of said corporation. . .

(O'Rourke Decl., Exhibit A).

It thus appears that the trustees have all the power and control over the entity known as "The Trustees of the College of the Holy Cross" and their individual citizenships should therefore count for the purposes of diversity of citizenship.

## POINT III

## DEFENDANTS' REQUEST FOR ATTORNEYS' FEES IS UNWARRANTED

Plaintiff's complaint pointed out in good faith that many of the trustees of the College of the Holy Cross were New York citizens.

- 7 -

Defendants cite cases where the issue of the citizenship of the individual trustees was never litigated but the actions in those cases were brought as trustees of "X" university (p. 8 of Defendants' memo). Those cases do not deal directly with the issue of whether the individual citizenships of the trustees of a corporation who have full control over the corporation matter for purposes of diversity.

Accordingly, plaintiff's motion was made in good faith.

It can hardly be said that plaintiff proceeded in bad faith in moving to remand. At the very least a hearing would have to be held to determine whether the plaintiff acted in bad faith.

## CONCLUSION

Since some of the trustees are clearly citizens of the State of New York, which is undisputed by the defendants, this case should be remanded to the New York State Supreme Court.

Dated: February 26, 2014

Elizabeth Eilender, Esq.
Law Office of Elizabeth Eilender P.C.
225 Broadway, 24th Floor
New York, New York 10007
(212) 227-2174

*Attorneys for Plaintiff*
Ashley Cooper