UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   June 17, 2014

ASHLEY COOPER,

                                         Plaintiff,

                        v.

THE TRUSTEES OF THE COLLEGE OF
THE HOLY CROSS, *et al.*,

                             Defendants.

------------------------------------------------------X

13 Civ. 8064 (KPF)

OPINION AND ORDER

KATHERINE POLK FAILLA, District Judge:

On October 15, 2013, Plaintiff commenced an action in the Supreme Court of the State of New York, County of New York, against the Trustees of the College of the Holy Cross, the College of the Holy Cross, Bill Gibbons, Richard Regan, Jr., and Ann Zelesky.  On November 13, 2013, Defendants removed that action to this Court on the basis of diversity jurisdiction.  In so doing, Defendants contend that all Defendants are citizens of the State of Massachusetts; that Plaintiff is a citizen of the State of New York; and that the threshold jurisdictional amount is satisfied.  Plaintiff objects to Defendants' removal and, to that end, has filed a motion for remand pursuant to 28 U.S.C. § 1447(c) for lack of diversity jurisdiction.  Alternatively, Plaintiff has requested leave to amend the Complaint to join additional defendants, some of whom are alleged to be New York citizens.  Because Defendants have established diversity jurisdiction under the Complaint as currently pleaded, Plaintiff's motion under § 1447(c) is denied.  However, Plaintiff's motion for leave to amend the

Complaint to join additional defendants is granted, because (i) joinder of these defendants is permissible under 28 U.S.C. § 1447(e) and (ii) the proposed amendment to the Complaint is not futile.  The Court recognizes that granting Plaintiff's motion to join the additional defendants who are alleged to be New York citizens will destroy diversity jurisdiction.  Consequently, upon the filing of an amended complaint in conformance with that suggested by Plaintiff in her briefing, this case will be remanded to New York State Supreme Court.

## BACKGROUND[1]

### A.     Plaintiff's Complaint

On October 15, 2013, Plaintiff commenced an action in the Supreme Court of the State of New York, County of New York, against the Trustees of the College of the Holy Cross (the "College"), the College of the Holy Cross ("Holy Cross"), Bill Gibbons, Richard Regan, Jr., and Ann Zelesky (collectively, "Defendants").  (Eilender Decl., Ex. A).  Defendants accepted service of the Summons and Complaint on or about October 24, 2013.  (See id., Ex. B).  In

---

[1]     The facts set forth herein are taken from the Complaint ("Compl.").  In resolving the instant motion, the Court "accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff."  *Weiss* v. *Hager*, No. 11 Civ. 2740 (VB), 2011 WL 6425542, at *2 (S.D.N.Y. Dec. 19, 2011).  The Court will also consider the Notice of Removal ("Notice"); the Declaration of Vincent F. O'Rourke, Jr., dated November 12, 2013 ("O'Rourke Declaration"); the Declaration of Elizabeth Eilender ("Eilender Decl."); the Declaration of Vincent F. O'Rourke, Jr., dated February 11, 2014 ("O'Rourke Remand Decl."); and all of the exhibits attached thereto.  *See Arseneault* v. *Congoleum*, No. 01 Civ. 10657 (LMM), 2002 WL 472256, at *6 (S.D.N.Y. Mar. 26, 2002), *reconsideration denied*, 2002 WL 531006 (S.D.N.Y. Apr. 8, 2002) (observing that because "[t]he Second Circuit ... has said that, on jurisdictional issues, federal courts may look outside the pleadings to other evidence in the record," it would consider "material outside of the pleadings" submitted on a motion to remand (internal citation omitted)).

For convenience, Plaintiff's supporting memorandum is referred to as "Pl. Br."; Defendants' opposition memorandum is referred to as "Def. Opp."; and Plaintiff's reply memorandum is referred to as "Pl. Reply."

naming the College, Plaintiff alleged that the College did business as Holy Cross, and that the Trustees of the College are "the individuals who comprise the corporate body constituted to conduct the business of the College of the Holy Cross, many of whose members are citizens of the State of New York." (Compl. ¶ 3). Plaintiff identified 10 trustees who, Plaintiff alleged upon information and belief, were citizens of the State of New York. (*Id.* at ¶ 15). None of these trustees, however, was named as a defendant or served with a copy of the Summons and Complaint. (O'Rourke Remand Decl. ¶ 9). Plaintiff also alleged that Defendants Gibbons, Regan, and Zelesky were acting as agents of the College at the time of, and in connection with, the events underlying the Complaint. (Compl. ¶¶ 8, 10, 12).

A general understanding of the Complaint's allegations is in order. Plaintiff is a student-athlete who previously attended Holy Cross on a basketball scholarship starting in the fall of 2011. (Compl. ¶ 25). In her Complaint, Plaintiff alleges that while at Holy Cross, she sustained injuries due to the physical, mental, and emotional abuse inflicted on her by Gibbons, the Holy Cross women's basketball coach. (*See, e.g.*, *id.* at ¶¶ 29-41). The Complaint alleges further that Plaintiff suffered injuries due to inaction by Defendants College, Holy Cross, Regan (the Holy Cross Athletic Director), and Zelesky (the Associate Athletic Director), who, despite actual knowledge of Gibbons's conduct, did nothing to remedy or prevent the conditions to which Plaintiff and other women's basketball players were subjected. (*See, e.g.*, *id.* at ¶¶ 49, 52). Plaintiff alleges, among other things, that these defendants "were

3

reckless, careless and negligent in failing to properly supervise defendant Gibbons [and] in failing to prevent Gibbons' abusive and outrageous behavior," and, further, that they "continue until the present time to protect, cover-up and otherwise ignore defendant Gibbons' outrageous conduct to the detriment of all the players past and present." (*Id.* at ¶¶ 76, 52). Plaintiff alleges that "[a]s a result of the conduct of defendant Gibbons and the remaining defendants' failure to take any action or to remediate the toxic environment," Plaintiff had no choice but to leave Holy Cross after two years, thereby forfeiting her scholarship and expending funds to attend another educational institution. (*Id.* at ¶ 55). Plaintiff brought certain claims specifically against Gibbons, and other claims solely against the remaining defendants for what can be construed as failure to supervise or aiding and abetting. (*Id.* at ¶¶ 69-79, 86-89).[2]

## B.    Defendants' Removal and Evidence of Diversity Jurisdiction

On November 13, 2013, Defendants removed this action from the New York State Supreme Court to this Court by filing the Notice. (Eilender Decl., Ex. C). The Notice alleges that this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because this is a civil action in which the amount in controversy exceeds $75,000, exclusive of costs and interest, and is between citizens of different states. (*Id.* at ¶ 1).

For the purposes of citizenship, Defendants alleged that "'The Trustees of the College of the Holy Cross' [abbreviated in this Opinion as "the College"] is

---

[2]      The Complaint does not articulate the exact cause of action that Plaintiff asserts.

the formal name of the corporate entity doing business as the College of the Holy Cross, a private college located [in] Worcester, Massachusetts," and that "[n]o entity exists under the formal name 'College of the Holy Cross.'" (Eilender Decl., Ex. C at n.1).[3]  Defendants also alleged that the College "is a private college chartered under the laws of Massachusetts and therefore is a citizen of Massachusetts" for purposes of diversity jurisdiction.   (*Id.* at ¶ 5).  As for the remaining parties, Defendants allege that Gibbons, Regan, and Zelesky are each citizens of Massachusetts, whereas Plaintiff is a citizen of New York.  (*Id.* at ¶¶ 5-6).

Defendants also submitted proof of the College's corporate status.  To start, Defendants attest that the College is a non-profit corporation that was first incorporated in the Commonwealth of Massachusetts in March 1865 under the name "the Trustees of the College of the Holy Cross."  (O'Rourke Remand Decl. ¶ 3).  Defendants further attest that the College was formed pursuant to an act of the Massachusetts Legislature to "incorporate the Trustees of the College of the Holy Cross."  (*Id.* at ¶ 3).  As proof of that point, Defendants provided the College's Articles of Organization, which indicate that the then-trustees "hereby constituted a body corporate by the name of the Trustees of the College of the Holy Cross … and shall be and remain a body corporate of that name forever."  (*Id.* at ¶ 4 & Ex. A).[4]

---

[3]    Defendants make clear that the College's principal place of business is in Worcester, Massachusetts.  (O'Rourke Remand Decl. ¶ 7).

[4]    The Court refers to the individual trustees of the College, collectively, as the "Trustees."

5

The Articles of Organization further provide that the corporation "may sue or be sued ... by the name of the Trustees of the College of the Holy Cross," but do not allow for the Trustees to sue on behalf of the College.  (O'Rourke Remand Decl., Ex. A).  In a similar vein, the Articles of Organization were amended in 1987 to state, in relevant part, that "[n]o officer or director of the Corporation shall be liable to the Corporation or its members for monetary damages for breach of fiduciary duty as an officer or director, notwithstanding any provision of law imposing such liability." (*Id.*, Ex. B).  The Articles of Amendment were filed with the Massachusetts Secretary of State on August 19, 1988.  (*Id.* at ¶ 5).  As of January 22, 2014, the Corporations Division of the Massachusetts Secretary of State's website identified the College as being first organized in Massachusetts in March 24, 1865, and assigned it an identification number.  (*Id.* at ¶ 6 & Ex. C).

As to the amount in controversy, Defendants identify that Plaintiff's Complaint seeks at least $107,930, representing the forfeited scholarship for two years, thus satisfying the jurisdictional amount.  (O'Rourke Decl. ¶ 5).

## C.    The Instant Litigation

On November 14, 2013, just one day after Defendants removed the case to this Court, they requested that the Court hold a pre-motion conference on their anticipated motion to dismiss Plaintiff's Complaint.  (Dkt. #9).  Plaintiff responded on November 18, 2013, arguing that Defendants had improperly removed the action to this Court, and that it should be remanded because diversity jurisdiction under 28 U.S.C. § 1332(a) did not exist.  (Dkt. #10).

Specifically, Plaintiff contended that several of the individuals who are trustees of the College are citizens of New York, and because Plaintiff is also a citizen of New York, diversity jurisdiction does not exist.  (*Id.*).  More to the point for the purposes of the pre-motion conference request, Plaintiff suggested that the Court address the threshold issue of whether Defendants' removal of this case was proper prior to addressing Defendants' motion to dismiss.  (*Id.*).  To that end, Plaintiff informed the Court that she anticipated filing a motion to remand pursuant to 28 U.S.C. § 1447.  (*Id.*).

In an attempt to resolve this matter without Court intervention, on November 27, 2013, Plaintiff's counsel requested that Defendants stipulate to remand.  (Eilender Decl., Ex. D).  Defendants refused by letter dated December 4, 2013.  (*Id.*, Ex. E).  In that letter, Defendants indicated, as they did in the Notice of Removal, that "The Trustees of the College of the Holy Cross' is the formal name of the College of the Holy Cross, a corporate entity organized under the laws of Massachusetts," and urged that the Complaint's reference to certain members of the Holy Cross Board of Trustees and those members' citizenship did not alter the corporate form of the entity nor impact federal subject matter jurisdiction.  (*Id.*).

The Court held a conference on December 17, 2013, to discuss the parties' anticipated motions.  At that conference, the Court determined that logic and efficiency dictated that the Court resolve Plaintiff's anticipated motion to remand before Defendants filed their motion to dismiss.  Plaintiff filed her motion to remand on January 16, 2014 (Dkt. #17); Defendants' filed their

opposition on February 14, 2014 (Dkt. #20); and the motion was fully submitted when Plaintiff filed her reply on February 26, 2014 (Dkt. #22).

## DISCUSSION

### A.    Applicable Law

"[F]ederal courts are courts of limited jurisdiction and, as such, lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Purdue Pharma L.P.* v. *Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (internal quotation marks omitted).  "Congress has granted district courts original jurisdiction over cases in which there is a federal question, *see* 28 U.S.C. § 1331, and certain cases between citizens of different states, so long as the requirements of complete diversity and amount in controversy are met, *see* 28 U.S.C. § 1332." *Id.*

Pursuant to 28 U.S.C. § 1441(a), a party may remove a state court action to federal court if the action could originally have been commenced in federal court.  28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").  As relevant here, district courts have original jurisdiction over cases "between ... citizens of different states," where the amount in controversy exceeds $75,000. *Id.* § 1332(a).  On the flip side, "a district court must remand [an] action to state court if it determines that it lacks subject matter jurisdiction." *Qadar* v.

*Citibank*, 927 F. Supp. 2d 86, 87 (S.D.N.Y. 2013) (citing 28 U.S.C. § 1447(c) and *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 488 F.3d 112, 121-22 (2d Cir. 2007)).

Due to the "'congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability.'" *Purdue Pharma L.P.*, 704 F.2d at 213 (quoting *Lupo* v. *Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)). On a motion to remand, "the defendant bears the burden of demonstrating the propriety of removal." *Cal. Pub. Employees' Ret. Sys.* v. *Worldcom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (citation omitted). As pertinent here, when an action is removed on the basis of diversity, the party invoking jurisdiction bears "the burden of establishing that the requirements for diversity jurisdiction are met," *Mechlenbacher* v. *Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000), at the time of removal, *Vera* v. *Saks & Co.*, 335 F.3d 109, 116 n.2 (2d Cir. 2003) ("[W]e generally evaluate a defendant's right to remove a case to federal court at the time the removal notice is filed."). Defendants must establish that Plaintiff and Defendants are citizens of different states, *see* 28 U.S.C. § 1332(a)(a), and that there is "a reasonable probability" that the claim exceeds the sum or value of $75,000, *see Colavito* v. *New York Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006).

**B.**   **Analysis**

   **1.**   **Defendants Have Established Complete Diversity**

As a preliminary matter, the parties do not dispute that the amount in controversy requirement is met.  (*See* Pl. Br. 5-6; Def. Opp. 5).  Similarly, the parties agree that Plaintiff is a citizen of New York, and Plaintiff does not dispute that all Defendants except for the College are citizens of Massachusetts.  (*See* Notice ¶ 6; Pl. Br. 5-6).  Consequently, the remaining issue for the Court to decide is whether the College is a citizen of a different state than Plaintiff.

Plaintiff argues that Defendants cannot establish diversity jurisdiction because the College is a "trust" and the citizenship of a trust is controlled by the citizenship of its constituent Trustees, which Plaintiff has alleged includes trustees with New York citizenship like Plaintiff.  (Pl. Br. 5).  Defendants, by contrast, contend that complete diversity exists, advancing two arguments in support.  (Def. Opp. 6).  Specifically, Defendants maintain that the College is a citizen of Massachusetts, and that the citizenship of the College's Trustees is irrelevant because none of the Trustees is actually before the Court as a named defendant.  (*Id.*).  Defendants' position is entirely correct.

Defendants have established that the College is a corporation.  The Notice alleged that the College "is the formal name of the corporate entity doing business as the College of the Holy Cross."  (Notice n.1).  Defendants have further attested that the College is a Massachusetts non-profit corporation that was first incorporated in March 1865 under the name "Trustees of the College

of the Holy Cross." (O'Rourke Remand Decl. ¶ 3). As proof of the College's corporate status, in connection with the pending motion, Defendants submitted the Articles of Organization that evince the College's incorporation in 1865, an amendment to the Articles of Organization that acknowledges the College's corporate form, and recognition of the College's corporate status from the Massachusetts Secretary of State. (*Id.*, Ex. A-C). On this record, there is no reason for the Court to doubt that the College is a corporation. Indeed, a number of cases, many of which are cited by Defendants, recognize that educational institutions, like the College, typically incorporate while utilizing a corporate name that references "trustees." *See, e.g.*, *Tomlinson* v. *Trustees of Univ. of Pennsylvania*, 266 F.2d 569, 570 (3d Cir. 1959) (per curiam) (identifying that the Trustees of the University of Pennsylvania is a corporation of the Commonwealth of Pennsylvania and that jurisdiction was based on diversity); *Clayton* v. *Trustees of Princeton Univ.*, 608 F. Supp. 413, 416 (D.N.J. 1985) ("The defendant, The Trustees of Princeton University, is an educational corporation in the State of New Jersey."); *Trustees of Boston Univ.* v. *Ligand Pharmaceuticals, Inc.*, No. 02 Civ. 1312 (SLR), 2003 WL 22501588, at *1 (D. Del. Nov. 3, 2003) (noting that the plaintiff Trustees of Boston University is a Massachusetts corporation and that the court had diversity jurisdiction); *Revell* v. *Lidov*, No. 3:00 Civ. 1268 (JB), 2001 WL 285253, at *2 (N.D. Tex. Mar. 20, 2001) ("Defendant Board of Trustees of Columbia University of the City of New York … is a not-for-profit corporation.").

"A business organized as a corporation, for diversity jurisdiction purposes, is 'deemed to be a citizen of any State by which it has been incorporated' and ... also 'of the State where it has its principal place of business.'" *Wachovia Bank, Nat'l Ass'n* v. *Schmidt*, 546 U.S. 303, 306 (2006) (quoting 28 U.S.C. § 1332(c)); *see* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business...."). Defendants have submitted proof that the College is incorporated in Massachusetts and have alleged that its principal place of business is likewise in that State, an allegation Plaintiff does not dispute. Accordingly, the College is a citizen of Massachusetts for diversity purposes.

Plaintiff's argument that the College is a trust is simply not tenable on the record before the Court. To be sure, as a general matter, trusts may be categorized as traditional trusts and business or statutory trusts. *See Thales Alenia Space France* v. *Thermo Funding Co.*, LLC, — F. Supp. 2d —, No. 13 Civ. 712 (SAS), 2013 WL 5996148, at *1 (S.D.N.Y. Nov. 12, 2013) ("Because the trust here is a traditional, testamentary trust — not a business or statutory trust — only the *trustees'* citizenships are considered for diversity purposes." (emphasis in original)). A traditional trust may be defined as a "contract or fiduciary relationship between a holder of a property ... and one or more trustees," under which the trustees carry out the intentions of a settlor. *Id.* at *3. In general terms, business or statutory trust are used "to denote an unincorporated organization created for profit under a written instrument or

declaration of trust, the management to be conducted by compensated trustees for the benefit of persons whose legal interests are represented by transferable certificates of participation, or shares." *Id.* (quoting Myron Kove et al., BOGERT'S TRUST § 247)); *accord Limouze* v. *M.M. and P. Maritime Advancement, Training, Ed. and Safety Program*, 397 F. Supp. 784, 788 (D. Md. 1975). The College does not fall within either of these definitions. It surely is not a traditional trust, as there is no contract or fiduciary relationship between a holder of property and one or more of the Trustees. Likewise, the College does not fit the requirements for a business or statutory trust because the College has been incorporated and the Trustees are not compensated. (O'Rourke Removal Decl. ¶ 10 & Ex. A). The cases on which Plaintiff relies that concern the citizenship of trusts and other unincorporated entities (*see* Pl. Br. 5-6; Pl. Op. 6), are therefore inapposite.

Plaintiff's own Complaint undermines the arguments that she makes in response to Defendants' removal petition. Plaintiff alleges that the College includes "the individuals who comprise the *corporate body* constituted to conduct business of the College of the Holy Cross." (Compl. ¶ 3 (emphasis added)). Thus, even Plaintiff acknowledges the College's corporate status, and cannot now ignore that fact in order to avoid litigating in this Court. Naming a corporation with "the trustees" or creating a position for a trustee in a corporation does not obviate the long-standing principle that for diversity jurisdiction, a business organized as a corporation, as the College is here, "is deemed to be a citizen of any State by which it has been incorporated and …

13

also of the State where it has its principal place of business." *Wachovia Bank*,
546 U.S. at 306 (internal quotation marks omitted).

Plaintiff indicates that she intended to "sue all members of the board of
trustees as a group," and that counsel deliberately chose not to name each
trustee, but rather sued the entity as a whole "for the sake of convenience" and
to "protect the privacy of the individual trustees." (Pl. Br. 6). This explanation
does not change the Court's analysis. The Federal Rules of Civil Procedure
require that "[t]he title of the complaint must name all the parties." Fed. R.
Civ. P. 10(a). "The purpose of Rule 10(a) is to provide clear notice as to the
parties in an action." *E.E.O.C.* v. *Int'l Ass'n of Bridge, Structural, & Ornamental
Ironworkers, Local 580*, 139 F. Supp. 2d 512, 525 (S.D.N.Y. 2001) (internal
quotation marks omitted). The caption alone, however, "is normally not
determinative of the identity of the parties or of the pleader's statement of
claim." *Id.* (quoting *Nationwide Mut. Ins. Co.* v. *Kaufman*, 896 F. Supp. 104,
109 (E.D.N.Y. 1995) (report and recommendation)). Rather, "[t]he caption,
pleadings, service of process and other indications of the intent of the pleader,
are evidence upon which a district court will decide, in cases of doubt, whether
an entity has properly been made a party to a lawsuit." *Id.*

Plaintiff's intent here was clear — to *not* make the individual Trustees
parties to this action. Plaintiff admits as much with her argument that she
intended to "sue all members of the board of trustees *as a group*." (Pl. Br. 6).
Neither the caption to the Complaint nor the Summons identifies the Trustees.
What is more, Plaintiff did not serve, or even attempt to serve, any of the

14

Trustees, and only identified 10 of the 37 Trustees on one occasion in the body of the Complaint to allege their citizenship.  Moreover, Plaintiff advances no allegations against any specific Trustee, but rather includes allegations against the College as a whole.  (*See, e.g.*, Compl. ¶ 52).  Considering Plaintiff's concession that she did not intend to sue the Trustees, the College's corporate status, and the single mention of the Trustees in the Complaint, the Court finds that the Trustees are not parties to this action, and that the Court thus need not consider the Trustees' citizenship for purposes of determining whether diversity jurisdiction is established.  *Nationwide Mut. Ins. Co.*, 896 F. Supp. at 109-10 (report and recommendation) (holding that a partnership had not been made a party to the action where the caption of the complaint did not name the partnership, the partnership was not identified in the summons, service was not made on the partnership, and the complaint only referred to the partnership in one paragraph).

Because Plaintiff is a citizen of New York, Defendants are citizens of Massachusetts, and the jurisdictional amount appears satisfied, Defendants have established complete diversity.  Having found that there is complete diversity as this action is currently pleaded, the Court necessarily finds that it has subject matter jurisdiction.  Accordingly, Plaintiff's motion to remand on the ground that this Court lacks subject matter jurisdiction is denied.  As discussed below, however, the Court's jurisdiction appears to be fleeting, inasmuch as Plaintiff's ability to amend the Complaint to join the Trustees as defendants — particularly those who are alleged to be New York Citizens — will

destroy diversity, and consequently strip this Court of subject matter jurisdiction.

### 2. Plaintiff May Amend the Complaint

As just stated, Plaintiff explained that she intentionally chose not to name the Trustees out of convenience and privacy concerns. (Pl. Br. 6). Recognizing now that she may need to name the Trustees in order to proceed as she intended, Plaintiff has requested leave to amend the Complaint to do just that. (*Id.*).[5] Defendants oppose Plaintiff's request, arguing that joinder should be denied under 28 U.S.C. § 1447(e) and that amendment of the Complaint to add the Trustees would be futile. (Def. Opp. 13). These arguments ultimately fail.

### a. The Individual Trustees May Be Joined as Defendants

28 U.S.C. § 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."[6] The Court has discretion to permit a proper party to be joined, even if the citizenship of that party will destroy diversity and require the action to be remanded. *See, e.g.*, *Briarpatch Ltd., L.P.* v. *Pate*, 81 F. Supp. 2d 509, 515 (S.D.N.Y. 2000) ("The decision whether to admit the new parties is within the sound discretion of the trial court.").

---

[5]    Although Plaintiff has moved to remand pursuant to 28 U.S.C. § 1447(c), her request to amend the Complaint to join defendants that would destroy diversity is better viewed as a motion pursuant to § 1447(e). Accordingly, the Court will assess Plaintiff's request as a motion under that section.

[6]    Notably, Plaintiff has failed to respond to Defendants' arguments on this point in her reply.

When determining whether to permit joinder and remand a case, district courts engage in a two-part analysis.  First, joinder and remand must satisfy Federal Rule of Civil Procedure 20, which governs permissive joinder of parties. *Nazario* v. *Deere & Co.*, 295 F. Supp. 2d 360, 363 (S.D.N.Y. 2003).  Rule 20 permits joinder of multiple defendants in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  It is clear here that the Trustees, to the extent that Plaintiff can advance allegations against them specifically, are implicated in the same occurrences identified in the Complaint, and that an action including all of the contemplated parties would involve common questions of law and fact.  As but one example, the Complaint alleges that the College "continue[s] until the present time to protect, cover-up and otherwise ignore defendant Gibbons' outrageous conduct to the detriment of all the players past and present."  (Compl. ¶ 52).  This allegation necessarily describes conduct on the part of the Trustees, as well as other Defendants, for which Plaintiff seeks relief.  Joinder is therefore permissible under Rule 20.

Second, although the Second Circuit has not identified the appropriate test, district courts permit "joinder which destroys diversity only when consistent with principles of fundamental fairness as appraised using the following factors: '[i] any delay, as well as the reason for delay, in seeking joinder; [ii] resulting prejudice to defendant; [iii] likelihood of multiple

litigations; and [iv] plaintiff's motivation for the amendment.'" *Nazario*, 295 F. Supp. 2d at 363.  Joinder that destroys diversity will be permitted when the factors weigh in favor of the moving party.  *See, e.g.*, *In re Rezulin Prods. Liab. Litig.*, No. 00 Civ. 2843 (LAK), 2002 WL 226409, at *1 (S.D.N.Y. Feb. 13, 2002).  The Court considers these factors in turn.

"Delay in seeking amendment is measured from the date of removal." *Nazario*, 295 F. Supp. 2d at 363.  This action was removed on November 13, 2013 (Eilender Decl., Ex. C), and Plaintiff sought joinder in her motion for remand that was filed on January 16, 2014 (Pl. Br. 6).  That being Plaintiff's first motion to the Court, and in that respect the first opportunity for Plaintiff formally to move the Court, Plaintiff has not delayed in seeking the amendment.  More than that, nothing in the record suggests that Plaintiff was dilatory in her request.

Turning to the second factor, the Court discerns little if any resulting prejudice to Defendants.  It is true that Defendants have an interest in defending this action in this forum, and that they properly removed this action, but these facts alone do not suffice.  *Nazario*, 295 F. Supp. 2d at 364 ("Though Deere has an interest in defending against this action in this forum, and though removal to this Court was properly executed, for purposes of this factor we discern no prejudice to Deere which alone would warrant denying plaintiff's motion.").  Defendants admit that this case "is not procedurally advanced," but argue that they will be prejudiced nonetheless because remanding the case will delay the resolution of their anticipated motion to dismiss. (Def. Br. 15).  The

Court sees no reason why Defendants cannot promptly file their contemplated motion to dismiss after the case is remanded.  In that respect, any such prejudice to Defendants would be negligible at best.

As for the third factor, permitting joinder would not result in multiple litigations.  On the other hand, declining to allow Plaintiff to join the Trustees could result in Plaintiff filing a separate action in state court against these defendants, despite how remote the possibility may seem, as Defendants' contend.  (Def. Opp. 15).

Finally, as to the last factor — plaintiff's motivation for the amendment — "a principal desire to destroy federal diversity jurisdiction is an impermissible motive." *Nazario*, 295 F. Supp. 2d at 364.  Plaintiff indicated in her papers that her reasons for not naming the Trustees stemmed from concerns of convenience and privacy of those Trustees.  (Pl. Br. 6).  There is no basis to doubt Plaintiff's proffered reasons, particularly considering that Plaintiff would have needed to name and serve an additional 37 defendants if she had named all the Trustees individually.  In that regard, the convenience factor is particularly believable.  Moreover, "[w]here, as here, a plaintiff 'discovers new information, subsequent to filing its complaint, that warrants the addition of new parties,' courts have routinely held that no inference arises that the plaintiff was motivated to join the defendant solely to defeat jurisdiction. *Ruiz* v. *Forest City Enterprises, Inc.*, No. 09 Civ. 4699 (RJD) (MDG), 2010 WL 3322505, at *3 (E.D.N.Y. Aug. 20, 2010) (quoting *Roll On Express, Inc.* v. *Travelers Indem. Co. of Conn.*, No. 09 Civ. 213 (RLM), 2009 WL 1940731, at *6

(E.D.N.Y. July 2, 2009)).  The evidence submitted by Defendants as to the College's corporate form is arguably new information of which Plaintiff did not have the benefit prior to filing her Complaint.  Although this evidence did not cause Plaintiff to reverse course and withdraw her motion to remand, it is at minimum new information that impacts Plaintiff's decision as to what parties to name as defendants.  In that respect, any inference that Plaintiff seeks to add the Trustees principally to destroy diversity is further abated.  Finally, Defendants' contention, without more, that Plaintiff's "exclusive aim is to eradicate federal subject-matter jurisdiction" (Pl. Op. 16), by adding the Trustees as defendants does not defeat joinder.  *Soto* v. *Barnitt*, No. 00 Civ. 3453 (DLC), 2000 WL 1206603, at *3 (S.D.N.Y. Aug. 23, 2000) ("Where there is no evidence that joinder would be fraudulent or improper, this assertion, standing alone, is insufficient to defeat the joinder.").

For the foregoing reasons, and because principles of fundamental fairness strongly dictate in favor of allowing Plaintiff to join the Trustees, Plaintiff's motion to join these parties is permissible under § 1447(e).

### b.    Amending the Complaint Would Not Be Futile

Turning to Defendants' second argument, Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a court "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2); *see also Foman* v. *Davis*, 371 U.S. 178, 182 (1962) (instructing that the mandate that leave to amend should "be freely given when justice so requires ... is to be heeded"); *Ruffolo* v. *Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).  "[I]t is within

20

the sound discretion of the district court whether to grant or deny leave to amend." *Zahra* v. *Town of Southold*, 48 F.3d 674, 687 (2d Cir. 1995). Moreover, "[t]he rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Block* v. *First Blood Assoc.*, 988 F.2d 344, 350 (2d Cir. 1993). When determining whether to grant leave to amend, district courts consider: (i) whether the party seeking the amendment has unduly delayed; (ii) whether that party is acting in good faith; (iii) whether the opposing party will be prejudiced; and (iv) whether the amendment will be futile. *See Foman*, 371 U.S. at 182; *see also Gormin* v. *Hubregsen*, No. 08 Civ. 7674 (PGG), 2009 WL 35020, at *1 (S.D.N.Y. Jan. 6, 2009) (granting motion). In accord with this last factor, if "the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied." *Hayden* v. *Cnty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999).

For the reasons discussed in reference to Plaintiff's § 1447(e) motion, the first three factors weigh in favor of granting Plaintiff leave to amend. Plaintiff has not unduly delayed, is acting in good faith, and Defendants will not be prejudiced. Defendants do not take issue with the first three factors, but rather focus on the fourth factor in arguing that Plaintiff's proposed amendment would be futile. Defendants also contend that because Plaintiff has not submitted a proposed amended complaint, nor indicated that "she will, or even could, assert fact-based allegations concerning [the Trustees] sufficient

to withstand a motion to dismiss under Rule 12(b)(6)," the Court should deny Plaintiff's request to amend.  (Def. Opp. 17).

Starting with the latter of these two arguments, "[i]n order to meet the requirements of particularity in a motion to amend, a complete copy of the proposed amended complaint must accompany the motion so that both the Court and opposing parties can understand the exact changes sought." *Segatt* v. *GSI Holding Corp.*, No. 07 Civ. 11413 (WHP), 2008 WL 4865033, at *4 (S.D.N.Y. Nov. 3, 2008) (internal quotation marks omitted).  That being said, failure to provide a proposed amended complaint "is not fatal where there is no undue prejudice to defendant."  *Id.*; *see also Christiana Gen. Ins. Corp. of N.Y.* v. *Great Am. Ins. Co.*, 745 F. Supp. 150, 164 (S.D.N.Y. 1990).  Plaintiff must, however, at least provide some factual detail or evidence as to the proposed amendment.  *See, e.g., Horoshko* v. *Citibank, N.A.*, 373 F.3d 248, 249 (2d Cir. 2004) ("Because an amendment is not warranted '[a]bsent some indication as to what [the plaintiffs] might add to their complaint in order to make it viable,' the District Court was under no obligation to provide the [plaintiffs] with leave to amend their complaint." (quoting *Nat'l Union of Hosp. & Health Care Emp., RWDSU, AFL-CIO* v. *Carey*, 557 F.2d 278, 282 (2d Cir. 1977)); *cf. In re WorldCom, Inc. Secs. Litig.*, 303 F. Supp. 2d 385, 391 (S.D.N.Y. 2004) ("The plaintiffs have not included any proposed amended pleading or indicated what they might allege to cure the deficiency identified in the motion to dismiss.  The plaintiffs have already been permitted to file one amended pleading through the filing of this Consolidated Amended Class Action Complaint.  In the absence of

any identification of how a further amendment would improve upon the Complaint, leave to amend must be denied as futile.").

Plaintiff's memorandum of law provides an outline for her proposed amended complaint, namely joining the Trustees as defendants.  Although not explicitly stated, it is reasonable to infer, based on Plaintiff's advisement that her objective was to implicate the Trustees by naming the College as a whole (*see* Pl. Br. 6), that Plaintiff's amended complaint will substitute the names of the Trustees for the allegations referencing the College.  In that respect, Plaintiff has provided Defendants with the nature of the allegations that may be advanced against the proposed defendants.  Accordingly, the Court finds there is no undue prejudice to Defendants, and excuses Plaintiff's failure to provide a proposed amended complaint.

As to Defendants' futility argument, they contend that the proposed amendment adding the Trustees as defendants would be futile because the Massachusetts statutory protections for uncompensated trustees of non-profit educational institutions precludes suit against the Trustees.  (Def. Opp. 17). The Massachusetts statutory protections on which Defendants rely provides, in relevant part:

> No person who serves as a director, officer or trustee of an educational institution which is, or at the time the cause of action arose was, a charitable organization, qualified as a tax-exempt organization under 26 USC 501(c)(3) and who is not compensated for such services, except for reimbursement of out of pocket expenses, shall be liable solely by reason of such services as a director, officer or trustee for any act or omission resulting in damage or injury to another, if such person was acting in good faith and within the scope of his official functions and duties, unless such damage or injury was caused by willful or wanton misconduct.

Mass. Gen. L. ch. 231, § 85K.  Even assuming that this Court must apply the law of Massachusetts, as Defendants argue (Def. Opp. 17-20), Defendants concede, as they must, that the Massachusetts statute does not foreclose liability for "willful or wanton misconduct" (*id.* at 20).  "In addressing the proposed futility of an amendment, the proper inquiry is comparable to that required upon a motion to dismiss pursuant to [Rule] 12(b)(6)."  *Aetna Cas. and Sur. Co.* v. *Aniero Concrete Co., Inc.*, 404 F.3d 566, 604 (2d Cir. 2005) (internal quotation marks omitted).  "[T]he court must accept the facts alleged by the party seeking to amend as true and construe them in the light most favorable to that party."  *Id.*  A proposed claim or defense is not futile if it "plausibly give[s] rise to an entitlement to relief."  *Ashcroft* v. *Iqbal,* 556 U.S. 662, 679 (2009).

Plaintiff's Complaint alleges that the College "continue[s] until the present time to protect, cover-up and otherwise ignore" Gibbons's "outrageous conduct" (Compl. ¶ 52), and advances a claim for aiding and abetting Gibbons's conduct against the College (*id.* at ¶¶ 86-89).  Contrary to Defendants' position (Def. Opp. 20), an amended complaint could therefore include allegations that go beyond negligent supervision of those who supervised Gibbons.  Assuming that the complaint does so, it would not be facially precluded by the Massachusetts statute, and thus amending the Complaint to include such allegations would not be futile.  Based on the record before the Court, it finds that Plaintiff's proposed amendment to the Complaint would not be futile.

Accordingly, because (i) Plaintiff's joinder of the Trustees is permissible under § 1447(e) and (ii) the proposed amendment does not appear futile at this time, Plaintiff's motion to amend is granted.  In accordance with § 1447(e), the Court will remand this case to the New York State Supreme Court once an amended complaint joining at least one individual Trustee who is a citizen of New York is filed, because at that time the Court will no longer have subject matter jurisdiction.

### 3.  Neither Plaintiff nor Defendants Are Entitled to Attorneys' Fees

Both parties request costs and attorneys' fees in connection with Plaintiff's motion to remand.  (Pl. Br. 7; Def. Opp. 22).  As borne out in this Opinion, aspects of both parties' arguments were meritorious.  That being the case, neither side is entitled to the award sought.

Plaintiff argues that she is entitled to costs and attorneys' fees pursuant to 28 U.S.C. § 1447(c) because Defendants knowingly removed this action improperly and willfully refused to stipulate to a remand.  (Pl. Br. 7).  Under § 1447(c), a district court may award costs and attorneys' fees when it remands a case to state court based on lack of subject matter jurisdiction.  This section provides, in relevant part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The Supreme Court has instructed that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an

objectively reasonable basis exists, fees should be denied." *Martin* v. *Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Given the Court's conclusion that it does not lack subject matter jurisdiction under the currently-operative Complaint, it follows that Defendants had an objectively reasonable basis to remove this action.  Accordingly, Plaintiff's motion for costs and attorneys' fees pursuant to § 1447(c) is denied.

Defendants request costs and attorneys' fees pursuant to 28 U.S.C. § 1927 and the Court's inherent power to "award attorneys' fees to a successful litigant when his opponent has commenced or conducted an action in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chem. Pac. Ltd.* v. *Rascator Maritime S.A.*, 782 F.2d 329, 344 (2d Cir. 1986) (citations and internal quotation marks omitted).  Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.  Plaintiff's conduct does not meet the standard for granting costs and attorneys' fees under this statute.  Although the Complaint as pleaded was properly removed, Plaintiff's motion to amend has been granted such that upon amendment, this case will be remanded to State court.  In that vein, Plaintiff's attorneys' decision to file the pending motion was not made in bad faith, and their conduct was not vexatious, wanton, or oppressive. Defendants' motion for costs and attorneys' fees is therefore denied.

26

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand this case pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction is DENIED; Plaintiff's motion for leave to file an amended complaint to join the Trustees is GRANTED; Plaintiff's and Defendants' motions for costs and attorneys' fees are both DENIED.

Plaintiff is hereby ordered to file an amended complaint within three weeks of the date of this Opinion.  Immediately upon filing an amended complaint that joins at least one Trustee who is a citizen of New York as a defendant, the Clerk of Court is directed to remand the case to the Supreme Court of the State of New York, County of New York.

The Clerk of Court is directed to terminate Docket Entry16.

SO ORDERED.

Dated: June 17, 2014
     New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge